IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMERICAN WESTERN HOME INSURANCE
COMPANY                                                                                          PLAINTIFF


VS.                                         CASE NO. 11-CV-4071


STEVE JOHNSON,
et al                                                                                                 DEFENDANTS

## ORDER

Before the Court are Plaintiff American Western Home Insurance Company's Motions for Leave to File Third Amended Complaint.  (ECF Nos. 39 & 46).  No Defendant has filed a response to the motions and the time to do so has passed. The Court finds this matter ripe for consideration.

The Second Amended Complaint (ECF No. 11) seeks a declaration from the Court regarding Plaintiff's contractual obligations to defend and indemnify Defendant-Insureds Cherry Hill Printing Inc., Steve Johnson, Steve Johnson d/b/a Cherry Hill Printing, and Don Wolf in cases before this Court and Arkansas state courts. The underlying cases referenced in the Second Amended Complaint are: *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, Case No. 4:10-cv-4124; *Ondrisek, et al. v. Hoffman*, Case No. 4:08-cv-4113; *Ondrisek, et al. v. Kolbek*, Case No, 4:09-cv-4100; and *Coie v. Alamo, et al.*, No. CV-2009-1854(V), Circuit Court of Sebastian County, Arkansas.

Since the filing of Plaintiff's Second Amended Complaint, the *Kolbek* case before this Court has been dismissed.  (Case No. 4:10-cv-4124, ECF Nos. 716 & 722).  After the dismissal of the federal suit, the *Kolbek* plaintiffs re-filed many of their claims in the Miller County Circuit Court on January 14, 2014, *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*,

Case No. 46CV-14-8-2. (ECF No. 47, Exh. 6). When the case was re-filed, the defendants were limited to Tony Alamo, Jeanne Estates Apartments, Inc., and Twenty First Century Holiness Tabernacle Church. The factual allegations in the state suit mirror the allegations made in the dismissed federal suit, and the *Kolbek* plaintiffs make the same claims for negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, and outrage.

Plaintiff's first Motion for Leave to File Third Amended Complaint (ECF No. 39) was filed in October 2014. The motion requested that Plaintiff be permitted to amend its Complaint to address the dismissal of the *Kolbek* federal suit and the filing of the *Kolbek* state suit. Before the Court ruled on the motion to amend, there was a further development in state court. On November 25, 2014, the *Kolbek* plaintiffs filed a lawsuit against Plaintiff American Western Home Insurance Company, as well as Canopius Capital Two Limited and Canopius US Insurance, Inc., in Miller County, Arkansas. This new lawsuit was brought under Arkansas's direct action statute codified at Ark. Code Ann. § 23-89-101. This "Direct Action Lawsuit" seeks to hold these carriers liable for the $525,000,000.00 default judgment entered against Twenty First Century Holiness Tabernacle Church ("TFC") in the *Kolbek* state suit.[1] According to Plaintiff, the Direct Action Lawsuit is the first demand by any party for coverage of TFC under any of Plaintiff's insurance policies.

In response to the Direct Action Lawsuit being filed, Plaintiff filed a new motion for leave to amend. Plaintiff's second Motion for Leave to File Third Amended Complaint (ECF No. 46) requests that it be permitted to amend its complaint to address the *Kolbek* state suit as well as the newly filed Direct Action Lawsuit. Plaintiff's second motion further requests the addition of TFC as a defendant in this matter so that it can seek a determination of whether

---

[1] TFC is an alleged entity of Tony Alamo Christian Ministries. TFC was also a Defendant in the *Kolbek* federal suit.

Plaintiff is obligated to defend or indemnify TFC with respect to the default judgment entered against TFC in the *Kolbek* state suit.

Rule 15 of the Federal Rules of Civil Procedure provides that, unless a party seeks to amend within 21 days of serving a pleading, that party "may amend its pleading only with the opposing party's written consent or the court's leave." When a party seeks the court's permission to amend, leave to amend "shall be freely given when justice so requires." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). The justifications for denying a motion to amend are limited to "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* at 991.

Upon consideration, the Court finds that Plaintiff's second Motion for Leave to File Third Amended Complaint (ECF No. 46) should be granted in part and denied in part. The Court grants Plaintiff's request to amend its Complaint to address the *Kolbek* state suit. The dismissed *Kolbek* federal suit and the *Kolbek* state suit are virtually identical in terms of the claims that are being made and the underlying allegations that allegedly give rise to a duty to defend and indemnify.[2] No additional issues or parties would be added by the amendment. Accordingly, there will be no prejudice to any party or any undue delay in the proceedings by allowing Plaintiff to include this updated case information in an amended complaint.

The Court denies Plaintiff's request to amend its Complaint to address the newly filed Direct Action Lawsuit and add TFC as a defendant. The Court recognizes that the Direct Action Lawsuit implicates some of the same issues present in this case and the *Kolbek* state suit. However, this case has been ongoing for over four years in its current iteration, and the Court

---

[2] The Court notes that Certain Defendant-Insureds in this case argue (ECF No. 37) that there is no longer a justiciable controversy as to Plaintiff's claims against them because, while they were named as defendants in the *Kolbek* federal suit, they were not named in the *Kolbek* state suit. The present Order takes no stance on this issue.

finds that the addition of a new, underlying suit and the addition of a new defendant would cause an undue delay in the disposition of this action. Civil lawsuits involving Tony Alamo Christian Ministries have been consistently filed in this Court and state courts for the past five years. In fact, a new case against various individuals and entities involved with the ministry—including some Defendant-Insureds in this case—was filed in this Court by former church members in 2014.[3] In fairness to the parties and in furtherance of disposing of these cases in a timely manner, the Court feels it is necessary to draw the line somewhere. While Plaintiff is not being permitted to amend its Complaint to seek a declaratory judgment on new coverage issues arising in the Direct Action Lawsuit, Plaintiff is free to file a separate declaratory judgment action to address these matters.[4]

For the reasons stated above, the Court finds that Plaintiff's second Motion for Leave to File Third Amended Complaint (ECF No. 46) is hereby **GRANTED in part** and **DENIED in part**. Plaintiff must file a Third Amended Complaint within five (5) days of the entry of the order granting leave to amend. Plaintiff's first Motion for Leave to File Third Amended Complaint (ECF No. 39) is hereby **DENIED AS MOOT**.

In light of the forthcoming Third Amended Complaint, the Court finds that the currently pending Motion to Dismiss and Motion for Summary Judgment (ECF Nos. 34 & 37) should be **DENIED AS MOOT**. Updated motions must be refiled on or before September 18, 2015. The motions should specifically address the allegations as they are set out in the forthcoming Third Amended Complaint. Where applicable, the motions should acknowledge and address the rulings this Court has made in related declaratory judgment actions. *Nautilus Insurance*

---

[3] *Griffin, et al v. Alamo, et al*, Case No. 4:14-cv-4065.

[4] While Plaintiff may file a new declaratory judgment action regarding their coverage obligations to TFC, it appears to the Court that these issues could potentially be resolved by the Direct Action Lawsuit.

*Company v. Sharon Alamo, et al*, Case No. 4:11-cv-4054; *Catalina London Limited vs. Jeanne Estates Apartments, Inc.*, Case No. 4:11-cv-4091.

The trial of this matter is currently set for December 14, 2015. (ECF No. 49). The Court finds that a continuance is necessary in order to allow Plaintiff to complete service upon all Defendants and to allow the parties to refile and brief dispositive motions. The trial of this matter is hereby continued and will be set at a later date. All deadlines in the Final Scheduling Order (ECF No. 33) that have not already passed should be adjusted accordingly.

IT IS SO ORDERED, this 14th day of August, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge