IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMERICAN WESTERN HOME
INSURANCE COMPANY                                                              PLAINTIFF


VS.                              CASE NO. 4:11-CV-4071

STEVE JOHNSON; STEVE JOHNSON d/b/a
CHERRY HILL PRINTING, INC.; DON WOLF a/k/a
DONN WOLFE; and CHERRY HILL PRINTING, INC.                     DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

Before the Court is an Amended Motion for Summary Judgment (ECF No. 57) filed on

behalf of Plaintiff American Western Home Insurance Company ("American Western").

Separate Defendants Cherry Hill Printing, Inc. and Don Wolf have filed a response.  (ECF No.

60).  American Western has filed a reply.  (ECF No. 62).  The Court finds this matter ripe for

consideration.

<u>BACKGROUND</u>

The Third Amended Complaint (ECF No. 51) and the present Motion for Summary

Judgment seek a declaration from the Court regarding American Western' contractual

obligations to defend and indemnify their respective Defendant-Insureds in cases before this

Court and Arkansas state courts. The underlying cases referenced in the Third Amended

Complaint are: *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al*., Case

No. 4:10-cv-4124; *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church Inc., et

al*., No. 46CV-14-8-2, Circuit Court of Miller County, Arkansas; *Ondrisek, et al. v. Hoffman*,

Case No. 4:08-cv-4113; *Ondrisek, et al. v. Kolbek*, Case No, 4:09-cv-4100; *Coie v. Alamo, et al*.,

1

No. CV-2009-1854(V), Circuit Court of Sebastian County, Arkansas. The Court will summarize the underlying cases in turn.

### A. The *Kolbek* suits

In August 2010, Desiree Kolbek, Amy Eddy, Jeannette Orlando, Nicole Farr, Summer Hagan, Jamie Rodriguez, and Pebbles Rodriguez filed suit in this Court against a number of defendants, including Defendant-Insureds in the present case. The *Kolbek* plaintiffs were former members of Tony Alamo Christian Ministries ("TACM"). TACM is an organization of churches and businesses that are operated by individual members of TACM and Tony Alamo. Defendants in the *Kolbek* suit and the present declaratory judgment action are current or former members of TACM or businesses that have close ties with TACM. The *Kolbek* plaintiffs alleged that, when they were members of TACM, they were forced to become "spiritual wives" of Tony Alamo; they were moved into his home when they were minors; and they were subjected to frequent sexual, physical, and psychological abuse. This abuse allegedly took place on TACM property and was facilitated by TACM members and TACM businesses. Specifically, the *Kolbek* plaintiffs allege that the TACM businesses allowed Tony Alamo access to the young girls; endorsed or facilitated the "spiritual weddings" with the girls; failed to protect the girls from sexual abuse and beatings; and failed to keep the locations they managed in a reasonably safe condition. The *Kolbek* Complaint asserted claims of negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, outrage, transporter liability under 18 U.S.C. § 2255, and trafficking liability under 18 U.S.C. § 1595.

In 2013, through mediation, several insurance companies entered into a Confidential Settlement Agreement with the *Kolbek* plaintiffs on behalf of several *Kolbek* defendants. The

settlement resulted in the voluntary dismissal of claims against many of the defendants in the *Kolbek* suit.  Thereafter, the Court dismissed with prejudice all federal law claims against the remaining defendants in the *Kolbek* suit (Case No. 4:10-cv-4124, ECF No. 716) and dismissed without prejudice all state law claims asserted by the *Kolbek* plaintiffs.  (*Id.*, ECF No. 722).[1] After the dismissal of their federal suit, the *Kolbek* plaintiffs re-filed their claims in the Miller County Circuit Court on January 14, 2014, *Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc.*, Case No. 46CV-14-8-2.  (ECF No. 145, Exh. 22).  When the case was re-filed, the defendants were limited to Jeanne Estates Apartments, Inc., Tony Alamo, and Twenty First Century Holiness Tabernacle Church.  The allegations in the state suit mirrored the allegations made in the dismissed federal suit, and the *Kolbek* plaintiffs made the same claims for negligence, negligent entrustment, negligent hiring, supervision and retention, false imprisonment, invasion of privacy, defamation, joint-venture liability, and outrage.

Since the filing of American Western' Third Amended Complaint, the *Kolbek* state suit has been voluntarily nonsuited with prejudice.  (ECF No. 62, fn. 3; s*ee also Canopius Capital Two Limited, et al. v. Jeanne Estates Apartments, Inc. et al*., Case No. 4:11-cv-4070, ECF No. 150, Exh. 1).[2]  Despite this dismissal, and despite the fact that no Defendant-Insured ever requested defense and/or indemnification from American Western with respect to the *Kolbek* state suit, American Western continues to seek a declaration from the Court that they owe no coverage for any of the alleged misconduct that forms the basis of the claims in the *Kolbek* state case.

---

[1] The Court's order dismissing the state claims was appealed by certain defendants and later affirmed by the Eighth Circuit.  (Case No. 4:10-cv-4124, ECF No. 737).

[2] Prior to the dismissal of the *Kolbek* state suit, default judgment was entered against Tony Alamo and Twenty First Century Holiness Tabernacle Church.  Accordingly, at the time of dismissal, the only pending claims were against Jeanne Estates Apartments, Inc.

### B. The *Ondrisek* suits

In November 2008, Spencer Ondrisek and Seth Calagna filed suit in this Court against Tony Alamo and John Kolbek.[3]  Ondrisek and Calagna alleged that they were repeatedly beaten by and/or at the direction of Tony Alamo and John Kolbek over a period of several years. Ondrisek and Calagna sought damages for battery, false imprisonment, tort of outrage, and conspiracy as a result of those beatings.  In October 2009, Ondrisek and Calagna obtained a default judgment against John Kolbek for $1 million in compensatory damages and $2 million in punitive damages. In June 2011, Ondrisek and Calagna obtained a judgment against Tony Alamo for battery, outrage, and conspiracy and were awarded $6 million in compensatory damages and $60 million in punitive damages.  In October 2012, the Eighth Circuit reversed the award of $60 million in punitive damages and remanded the case to the district court for entry of a verdict imposing $24 million in punitive damages. The Eighth Circuit otherwise upheld the June 2011 judgment.

Defendant-Insureds were not named as defendants in the *Ondrisek* suit.  However, in connection with the judgment against Tony Alamo in the *Ondrisek* suit, the Court granted a Writ of Execution authorizing seizure of property owned by certain Defendant-Insureds in this case. (ECF No. 59, Exh. 20).  Some of these properties are listed in the policies issued by American Western to Defendant-Insureds.  In a letter dated May 31, 2013, Defendant-Insured Don Wolf forwarded the Court's Writ of Execution to Canopius and demanded "a defense and full indemnity for Steven Johnson, [himself], and the property as well as any interest in any other property to which the insurance may apply."  (ECF No. 59, Exh. 21).  While Separate-Defendant

---

[3] The case in its original iteration was against both Tony Alamo and John Kolbek, Case No. 4:08-cv-4113.  John Kolbek was later severed from the case, and the claims against him proceeded under a new case number, 4:09-cv-4100.

Cherry Hill Printing, Inc. does not appear to have made a direct request to American Western for defense and indemnification for the clams in the *Ondrisek* suits,[4] they have argued in their response to the present motion that American Western owes them a duty to defend and indemnify.  American Western seeks a declaration from the Court that they owe no coverage to any Defendant for the alleged misconduct that forms the basis of the claims in the *Ondrisek* suits and that they have no duty to provide a defense to any of the Defendants in this case.

### C.  The *Coie* suit

The *Coie* Suit is a lawsuit filed in Circuit Court of Sebastian County, Arkansas, Fort Smith District, Civil Division, on November 12, 2009, *Coie v. Alamo, et al.*, Case No. CV 2009-1854(V). Christhiaon Coie is the sole plaintiff in the suit.  Coie seeks  declaratory judgment to establish her rights to execute a $100,000 judgment against Tony Alamo by forcing the sale of certain real estate allegedly held by Separate Defendant-Insureds Cherry Hill Printing, Inc. and Steve Johnson and others who are not American Western's insureds and/or not parties to the present declaratory judgment action. The judgment that Coie seeks to execute was entered against Tony Alamo on September 14, 1995, after a trial in which Alamo was found liable to Coie for the tort of outrage. Specifically, the trial judge ruled that Coie was entitled to damages because Alamo removed her mother's remains and refused to tell her the subsequent location of her mother's remains.

---

[4] American Western claims that Cherry Hill Printing sought a defense and indemnification in the *Ondrisek* suit via correspondence dated March 22, 2011.  (ECF No. 59, Exh. 7).  However, upon review of this correspondence, it appears that the only litigation mentioned is the *Kolbek* federal suit.

It does not appear that any Defendant-Insureds have made a direct request to American Western for defense and/or indemnification for the claims made in the *Coie* suit.[5]  However, Defendant-Insureds Cherry Hill Printing, Inc. and Don Wolf have argued in their response to the present motion that American Western owes them a duty to defend and indemnify.[6]  American Western seeks a declaration from the Court that they owe no coverage to any Defendant-Insured for the alleged misconduct that forms the basis of the claims in the *Coie* suit and that they have no duty to provide a defense to any Defendant.

DISCUSSION

The standard of review for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. County of LeSueur*, 47 F.3d 953 (8th Cir. 1995). This is a "threshold inquiry of…whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); s*ee also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

---

[5] American Western's claim that Cherry Hill Printing sought a defense and indemnification in the *Coie* suit via correspondence dated March 22, 2011.  (ECF No. 59, Exh. 7).  However, upon review of this correspondence, it appears that the only litigation mentioned is the *Kolbek* federal suit.

[6] Defendant-Insured Steve Johnson is *pro se* and has not filed a response to the Motion for Summary Judgment.

The Court must view the evidence and the inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

As an initial matter, the Arkansas Supreme Court has recognized that the duty to defend is broader than the duty to indemnify. *Murphy Oil USA, Inc. v. Unigard Security Ins. Co.*, 61 S.W.3d 807, 812 (Ark. 2001). In other words, where there is no duty to defend, there is generally no duty to indemnify. *See id*. Therefore, if the Court finds that American Western has no duty to defend under the policies, then they also have no duty to indemnify.

As a general rule, an insurer's duty to defend is determined by the allegations in the pleadings against the insured. *Id*. "[T]he duty to defend arises when there is a possibility that the injury or damage may fall within the policy coverage." *Id*. at 813. However, "where there is no possibility that the damage alleged in the complaint may fall within the policy coverage, there would be no duty to defend." *Id*.  The Court will separately address American Western's duty to defend in the *Kolbek*, *Ondrisek*, and *Coie* suits.

**A.  The *Kolbek* Suit**

Before discussing the substance of the policies and whether American Western has a duty to defend or indemnify in the *Kolbek* state suit, the Court must first determine whether a justiciable controversy still exists in light of the suit's dismissal.

For a declaratory judgment action to be justiciable, there must be a disputed coverage issue of sufficient imminency to constitute an actual controversy.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (1937).  *See also* 28 U.S.C. § 2201(a). An actual controversy exists when "the facts alleged, under all the circumstances show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (*quoting Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In February and March 2014, default judgments were entered against Twenty First Century Holiness Tabernacle Church and Tony Alamo in the *Kolbek* state suit.  Subsequent to the default judgments being entered and American Western's Third Amended Complaint being filed in this case, the *Kolbek* plaintiffs voluntarily nonsuited with prejudice their remaining claims against Jeanne Estates Apartments, Inc.  With this dismissal, the *Kolbek* plaintiffs have no claims pending against any party affiliated with TACM and no Defendant-Insured in this case.  Moreover, none of the Defendant-Insureds in this case made a demand for coverage for the claims in the *Kolbek* state case.  The Court cannot justify making coverage declarations in an underlying case where there have been no demands for coverage and there are no longer any claims to defend or defendants to indemnify.[7]  Because there is no justiciable controversy at to

---

[7] After the entry of the default judgments in the *Kolbek* state case, a "Direct Action Lawsuit" was filed against various insurance carriers, including American Western, in the Circuit Court of Miller County. *See Kolbek, et al v. American Western Home Ins. Co., et al*, Case No. 46cv14-304-2.  This Direct Action Lawsuit seeks to hold American Western liable for the $525,000,000.00 default judgment entered against Twenty First Century Holiness Tabernacle Church in the *Kolbek* state suit.  Accordingly, there may be a justiciable controversy between American Western and Defendant-Insureds as to coverage disputes in the Direct Action Lawsuit.  However, the Direct Action Lawsuit and American Western's potential liability for the default judgments are not at issue here.  In a previous order, the Court expressly declined to allow Plaintiffs to amend their complaint to include claims related to the Direct Action Lawsuit.  (ECF No. 50).

the claims in the *Kolbek* state suit, American Western's request for summary judgment on this issue is denied.

### B. The *Ondrisek* Suit

While no Defendant-Insureds were named as defendants in the *Ondrisek* suit, Defendant-Insureds Don Wolf and Cherry Hill Printing Inc. argue that they are entitled to a defense and indemnification in that suit.

American Western argues that, because the *Ondrisek* defendants—Tony Alamo and John Kolbek—are not insureds as defined by the American Western policies, the policies provide no coverage for any judgment stemming from Alamo and Kolbek's alleged actions.

The policies issued to Defendant-Insureds provide as follows:

> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

(ECF No. 59, Exh 1-4).  The policies' declarations do not identify any Named Insured other than Steve Johnson, Don Wolf, and Cherry Hill Printing, Inc.

Because Defendant-Insureds were not named as defendants in the *Ondrisek* suit, and because Tony Alamo and John Kolbek are not listed as Named Insureds under the policies, there can be no coverage for the claims and injuries at issue in the *Ondrisek* suit.[8]  *See Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 7, 431 S.W.3d 900, 906 (Ark. 2014).   Moreover, coverage is precluded because the *Ondrisek* complaint does not contain any specific allegation that any of the actions that caused harm to the *Ondrisek* plaintiffs were carried out on any of the designated premises specified on the policies' respective declarations.  *Id.*

---

[8] Defendant-Insureds Don Wolf and Cherry Hill Printing, Inc. do not argue in their response that Alamo or Kolbek should be classified as insureds under the policies because they were employees of Defendant-Insureds acting within the scope of their employment. Rather, Don Wolf and Cherry Hill Printing, Inc. seem to concede that Alamo and Kolbek are not insureds under the policies.  (ECF No. 60, p. 2).

The Court finds that no genuine issue of material fact exists as to coverage for the claims in the *Ondrisek* suit. Accordingly, summary judgment in favor of American Western is warranted

### C. The *Coie* Suit

As the Court has previously noted, it does not appear that any Defendant-Insureds have made a direct request to American Western for defense and/or indemnification for the claims made in the *Coie* suit. However, Don Wolf and Cherry Hill Printing, Inc. have argued in their response to American Western's summary judgment motion that American Western owes them a duty to defend and indemnify. Accordingly, the Court will address whether American Western is under any duty to defend or indemnify in the *Coie* suit.

Beginning in 2006, American Western issued a number of liability insurance policies to Defendant-Insureds. The judgment that Christhiaon Coie seeks to execute was entered against Tony Alamo on September 14, 1995. Accordingly, American Western's polices were issued *after* Coie's judgment, and the allegations against the Defendant-Insureds occurred prior to the inception of coverage. Because the policies were not in effect at the time of the judgment, no genuine issue of material fact exists as to coverage for the *Coie* claims, and summary judgment is appropriate. *See Kolbek v. Truck Ins. Exch.*, 2014 Ark. 108, 6, 431 S.W.3d 900, 906 (Ark. 2014).[9]

---

[9] In their response to the summary judgment motion, Defendant-Insureds Cherry Hill Printing, Inc. and Don Wolf acknowledged that this ruling would be consistent with the Court's prior summary judgment rulings in related declaratory judgment actions addressing the *Coie* suit. *See Nautilus Insurance Company v. Sharon Alamo, et al*., Case No. 4:11-cv-4054 (ECF No. 120); *Catalina London Limited v. Jeanne Estates Apartments, Inc., et al*., Case No. 4:11-cv-4091 (ECF No. 112).

<u>CONCLUSION</u>

For the reasons stated above, the Court finds that American Western's Motion for Summary Judgment (ECF No. 57) should be and hereby is **GRANTED in part** and **DENIED in part**. American Western's motion is granted as to the coverage issues in the *Coie* and *Ondrisek* suits.  Because there is no justiciable controversy as to American Western's claims regarding the *Kolbek* suit, the motion is denied as to these claims and they are hereby **DISMISSED WITHOUT PREJUDICE**.  A judgment of even date consistent with this opinion shall issue.

**IT IS SO ORDERED**, this 23rd day of March, 2016.

<u>/s/ Susan O. Hickey</u>
Susan O. Hickey
United States District Judge